IN THE UNITED STATES DISTRICT COURT IN AND FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1. WALL STREET PR INC., ) | |
| 2. CHARLES E. BINGHAM JR., ) | **JURY TRAIL DEMANDED** |
| **Plaintiffs,** ) | |
| ) | |
| v. ) | |
| ) | |
| 1. MITOPHARM INC. ) | |
| 2. PETER PAK CHEUNG, an individual. ) | |
| **Defendants.** ) | |

## PETITION

COMES NOW, the Plaintiff Wall Street PR Inc ("WSTPR") and Charles E. Bingham Jr. ("Bingham") and for their Petition against the defendants Mitopharm Corporation ("Mito") and Peter Pak Cheung ("Cheung") allege and state as follows:

## BACKGROUND

The SEC filed an action against Mito, its CEO Cheung, its lawyers and its IR Firm Bingham and Wall Street PR. The Commission sought industry bars against Mito and its counsel Otto and sued them for fraud under Rule 10(b) 5. However, the SEC did not sue Bingham or WSTPR under 10(b) 5 for fraud nor sought any kind of bar against them. On April 22, 2011 without admitting or denying any liability Bingham and WSTPR agreed to a judgment under Sections 5 and 17(a) 3 for being negligent in repeating Mitopharm's statements. The Judgment was for 25% of what the attorney fees would have been to litigate the matter. To make matters worse, Bingham and WSTPR spent over a million dollars on IR over six months for Mito seeing it climb from $0.15 to over $1.00 and lost significant funds on this deal.

Mito had indemnified Bingham and WSTPR for exactly this situation. Despite making demand Mito has wholly failed to indemnify Bingham or WSTPR thus this action is necessary.

**DEFENDANTS**

1. MitoPharm Corporation, formerly HerbalPharm, Inc. was incorporated in Washington State in 2004, with its principal place of business in Seattle. MitoPharm's stock is quoted on the Pink OTC Markets, Inc. under the symbol MTPH.

2. Defendant Pak Peter Cheung of Vancouver, Nritish Columbia is the President and CEO of MitoPharm.

**JURISDICTION AND VENUE**

3. The Court has jurisdiction over this action pursuant to Sections 20(b), 20(d), and 22(a) of the Securities Act, 15 U.S.C. §§ 77t(b), 77t(d), and 77v(a); and Sections 21(d). 21€, and 27 of the Exchange Act 15 U.S.C. §§ 78u (d), 78u (e) and 78aa.

4. The Court has personal jurisdiction over the Defendants, and venue is proper in the Northern District of Oklahoma because many of the Defendants' acts and transactions (including the Agreement that is the basis for this Complaint) constituting violations of the Securities Act and Exchange Act occurred in the Northern District of Oklahoma.

5. In connection with the conduct alleged in this Complaint, the Defendants directly and indirectly, singly or in concert with others, have made use of the means or instrumentalities of interstate commerce, the means or instruments of transportation and communication in interstate commerce and the mails.

**INTRODUCTION**

6. That on March 13, 2007 the WSTPR entered into a Consulting Agreement in Tulsa, Oklahoma with Mito to provide investor relations services for Mito. A copy of the Consulting Agreement is attached hereto and made apart hereof as Exhibit "A".

7. That WSTPR and Bingham spent over one million dollars on IR services for Mito as it traded from $0.15 to $2.00 and actively traded between $1.00 and $2.00 during the first six months of IR services.

8. That a dispute arose between CEO Cheung and his counsel Otto over funding that Otto was to provide. That the funding was not provided, product development halted and Mito did a forward split seeing the stock price drop to $0.25 and continue to drop as a result of these problems. This dispute hurt investors including Bingham and WSTPR.

9. That Cheung was the CEO and Director of Mito and made certain representations in said Consulting Agreement.

10. That the Consulting Agreement contained an Indemnification clause which states

> Company agrees to indemnify and hold harmless the Consultant and its respective agents and employees, against any losses, claims, damages or liabilities, joint or several, to which either party, or any such other person, may become subject, insofar as such losses claims, damages or liabilities (or actions, suits or proceedings in respect thereof) arise out of or are based upon any true statement or alleged untrue statement of any material fact contained in the registration statement, any preliminary prospectus, the prospectus, or any amendment or supplement thereto; or arise out of or are based upon the omission or alleged omission to state therein a material fact required to be stated therein, or necessary to make the statements therein not misleading; and will reimburse the Consultant, or any such other person, for any legal or other expenses reasonable incurred by the Consultant, or such any other person, in connection with investigation or defending any such loss, claim damage, liability, or action, suit or proceeding.

11. That the Consulting Agreement further represented that the Securities contained therein were eligible for resale under Rule 144.

12. That Cheung and Mito were aware that the Securities were issued in violation of Section 5 and were not eligible for resale.

13. That in May of 2008 the United States Securities and Exchange Commission opened an investigation into Mito and Cheung for material misrepresentations and illegal registrations of securities.

14. That WSTPR and Bingham were forced to retain counsel produce documents and for several employees to travel to San Francisco to give their depositions at great expense.

15. That on July 13, 2009 the United States Securities and Exchange Commission ("SEC") sued Cheung, Mito, David Otto, and Todd Van Siclen for fraud under Section 10(b) 5 of the Securities Act of 1933 as amended and for the illegal registration of securities in violation of Section (5) of the Securities Act of 1933 as amended.

16. That as a result of the above mention litigation Cheung is barred for life from being an officer or director of a public company and is barred for life from being involved in a penny stock offering.

17. Furthermore, Cheung and Mito are permanently enjoined from violation section 10(b) 5 and Section 5 of the Securities Act.

18. That the SEC also sued WSTPR and Bingham for receiving the above referenced shares in violation of Section 5 and for being reckless in repeating Mito's false statements in violation of Section 17(a) of the Securities Act.

19. That last week Bingham and WSTPR agreed to pay the SEC $145,711.43 to settle the matter without admitting or denying the allegations in the Complaint. In addition,

    WSTPR and Bingham spent in excess of $275,000 defending the investigation and complaint in expenses and attorney fees.

20. That but for Mito and Cheung's misrepresentations WSTPR and Bingham would not have been damaged.

21. That the indemnification clause clearly calls for Mito to pay these attorney fees, judgment and expenses.

22. That Mito and Cheung have wholly failed to abide by the indemnification clause.

23. That as a result of Cheung and Mito's actions Bingham and WSTPR have been wrongfully damaged.

FIRST CAUSE OF ACTION BREACH OF CONTRACT

COMES NOW, the Plaintiffs WSTPR and Bingham and for their first cause of action against the Defendant Mito allege and state as follows:

24. The Plaintiffs reallege the allegations contained in paragraphs one thru sixteen herein.

25. That the Defendant Mito has failed to indemnify and pay the damages and expenses related to the SEC investigation and lawsuit. Including but not limited to the Settlement amount of $145,711.43 expenses and attorney fees in excess of $275,000.00.

WHEREFORE the Plaintiff requests judgment in the amount of $420,711.43 for real and actual damages plus pre and post judgment interest in the statutory amount and any other relief this Court deems necessary and proper.

SECOND CAUSE OF ACTION FRAUD IN VIOLATION OF SECTION 10(B)5 of the EXCHANGE ACT and Rule 10b-5 THEREUNDER

COMES NOW, the Plaintiffs WSTPR and Bingham and for their second cause of action against the Defendants Mito and Cheung allege and state as follows:

26. The Plaintiffs reallege the allegations contained in paragraphs one thru eighteen herein.

27. That the Defendants Mito and Cheung made material misrepresentations concerning the Common Stock compensation in the Consulting Agreement, namely stating that it was eligible for resale under Rule 144 when it was not as it was issued due to fraudulent promissory notes.

28. That the Plaintiffs relied upon the Defendants misrepresentations to their detriment and were injured in the amount of $420,711.43.

29. That the defendants actions were willful, wanton and in reckless disregard of the Plaintiffs rights.

WHEREFORE, the Plaintiffs, respectfully request this Court award it actual damages in the amount of $420,711.43, punitive damages to deter the defendants from future wrongful acts, pre and post judgment interest and any other relief this Court deems necessary and proper.

## THIRD CAUSE OF ACTION UNREGISTERED SALE OF SECURITIES UNDER SECTION 5(a) and 5(c) OF THE SECURITIES ACT

COMES NOW, the Plaintiffs WSTPR and Bingham and for their third cause of action against the Defendants Mito and Cheung allege and state as follows:

30. The Plaintiffs reallege the allegations contained in paragraphs one thru twenty-two herein.

31. That no registration statement with regards to the Securities transferred to the Plaintiffs by the Defendants was filed or in effect with the Commission pursuant to the Securities Act with respect to the securities and transactions described in this Complaint, and no exemption from registration exists with respect to these securities and transactions.

WHEREFORE the Plaintiff requests judgment in the amount of $420,711.43 for real and actual damages plus pre and post judgment interest in the statutory amount and any other relief this Court deems necessary and proper.

§

Respectfully Submitted,

/s/ Ronald C. Kaufman

_____
Ronald C. Kaufman Esq.
406 S. Boulder Ave.
Suite #400
Tulsa, OK 74103